Please all rise. Hear ye, and hear ye. This Honorable Court for the Second Judicial District is now back in session. Your Honor, Crystal and Kennedy will preside. Good morning, everyone. Please be seated. Your Honor, the court case on the Dodgers' scoring is 2-5-0179. We have nine people in the state of Illinois claiming to have the Terrence D. Johnson defendant's proposal. Your Honor, on behalf of the defendant, Ms. Pamela S. Wells. Your Honor, on behalf of the attorney, Ms. Kira Decker. Morning, counsel. You may proceed when ready, and feel free to adjust the microphone as needed. Your Honor, counsel. Your Honor, may it please the court. Defendant Terrence Johnson was charged with possession with intent to deliver a controlled substance and DUI arising out of a one-car crash on April 1, 2020. I can't remember the year. The motion eliminated was filed to introduce evidence of text messages in one of the three phones that he possessed. The court found those text messages inadmissible under the laws and the rules of evidence. The trial court erred in that finding and not admitting the text messages. Before you get into that, could you first address the defendant's claim that we do not have jurisdiction over this appeal? Sure. Because the court found the text messages inadmissible and did not give the people any other opportunity to admit those text messages in a different way, Is it your position that all the text messages relating to planned drug transactions or transactions that have been completed should be admissible? Or is it your position that only those messages which you argue were tied directly to the drugs in the defendant's possession when he crashed should come in? We believe that all of the text messages are admissible. Would that be overkill? They only asked to submit a select subsection of the text messages, and because it was limited to a 10-day time frame Why not just focus on the day in question? The hours before the crash and then the one four days later basically saying where's my stuff? Yes. Why would it be necessary to add anything more? He's got 14 bags. If the court found that the more remote text messages were not admissible, we understand that they are different. However, we do believe that they're all admissible. We think that they're admissible under different arguments. Specifically, the more remote ones go to the continuing course of conduct and the continuing narrative. Sorry, I misspoke. Because it's a continuing narrative, we think that even the more remote ones come in. We believe that the ones that were the day of and the day before the crash are direct evidence. And we do understand the difference in that. When you don't need other kinds of evidence, why should you try to push the envelope and get it in? The state shouldn't be limited in how they prove their case. Just because when it is admissible, the state shouldn't be limited or directed that they can't admit evidence that is admissible. The trial judge commented that the state must prove the drugs seized and charged and the charge offenses must be connected. In other words, the drugs seized were drugs that the defendant was going to sell or give. And then he said there's no evidence of that at all. But even if there was no evidence of that at all, is there any authority for the proposition that the state has to show that the drugs are connected for a prior offense to come in? None. And that's the problem. After 60 years of precedent. That's exactly right. And the problem is if you look at the court's order, the exception would follow the language and the rule that propensity doesn't come in would swallow the exceptions. And here we have specific evidence. What does the court want a confession? Does the court want an overhear? Is the court limiting it to the way the defendant packaged it and he has to write the defendant or the person that he's selling it to phone number on the bag to show these drugs are delivered to the person through this text message? That's absolutely ridiculous. You're always going to prove it through circumstantial evidence. And in this case, the circumstantial evidence was the time that was so close. It was the very day. It was talking about the same drugs. And so it is direct evidence. Well, I'm picking up on the 233 text messages involving at least, I think, nine numbers anyway. Who knows if they're different people or not? But aren't you so I mean, besides the gilding the lily type of approach here, aren't you also running the risk of just all of these that are not remote or that are remote in time become less and less relevant to the alleged transaction that you've put forward that is driving to deliver? I mean, you're running the risk here of this all becoming simple propensity. The ones that are more remote are we understand the court would have to do a closer balancing test. The problem is in this case, the court lumped them all together and said none of them are coming in. And they do need to be looked at differently. The ones to SP and W that were the exact immediately before the crash, the day before the crash, those are direct evidence. And we understand that those are different. We do think that the more remote text messages are proof of the continuing business relationship that he was in. And therefore, it goes to the continuing narrative. So I didn't see the continuing narrative argument in the opening brief. I only saw it in the reply. I did cite Pike in the original brief. And I talked about continuing narrative. But it was very brief. And I did flesh that out more in the reply brief. What would have happened if the trial judge had limited the number of text messages on the basis that they were cumulative? If the trial court had limited them? I can't answer that question. It's a hypothetical. If the court had let in at least... Let's assume, arguendo, 5 or 10. Or as you just said here, those that happened within 72 hours, I believe, or 48 hours. Sure. If he had at least let in the ones that were within 72 hours, I don't think we'd be here. Because the purpose of showing that the drugs that he actually had were connected to sales that he was setting up would have been achieved. The purpose of the admission of those text messages. Are you asking us to remand it back for his or her reevaluation or reassessment? Or are you asking for us to determine how many of these and the dates that should be admitted into evidence? I think this court should find that at least the ones that are in the 29th. No, I'm not asking you what you think now. I'm asking what did you ask in your brief? I can't recall specifically. You just asked for a remand. I asked for a remand. But I do think that the court could make the difference, make the decision. Well, the point is, is that if you're just asking for a remand and you're not asking for us to determine which ones should be deemed admissible and which ones shouldn't be. If I recall correctly, that I did ask for the court's order to be reversed and that it be remanded for further proceedings. The reversing the order could include... Well, it really wouldn't be a reversal, I don't think, because I think you're really asking for a vacation. Because a reversal would be they all go in. Okay? And I don't think you're arguing that now. We do believe that they all go in. However, we think that there are two distinct sets of messages. We think that the messages... It's a little bit like asking me what do I think is... What does it mean when you say you're a little bit pregnant? And the point is, you either are or you aren't. And so either they all go in or they don't all go in unless you specifically ask for relief. That a certain number or dates or if they're listed in an exhibit, which numbers of the text should go in. So specificity in your prayer for relief sometimes is a benefit.  It means we don't have to just remand for further proceedings. We did distinguish in our brief the text messages to SP and W. And we asked that those be specifically admitted. We distinguished in our brief the more remote text messages. And so if this court were to separate them on that basis, that would be consistent with our prayer for relief. So that being said, we do believe that the court absolutely disregarded Marshall finding it wrongly decided and finding that it was ridiculous and refusing to follow it. While we understand that under stare decisis, this court is not in that same position. It is an abuse of discretion that's fall of the law. And the trial court was found by it. Because he didn't find any split in the districts. The defendant and his brief didn't find any split in the districts. And the SP has not been able to find... I have not been able to find any split in the districts. Marshall was different. It did not involve text messages. It did not involve text messages. But the principle is the same. The principle is the same. But even if that were not a mistake, the trial court's statement that the state must prove the drug seized and the charged offenses are connected, that's a mistake of law or a misstatement of law, correct? There is no precedent that says that the drugs have to be specifically connected to the text messages. And it would be almost impossible to do so. Absent an overhear, absent a defendant who does this crazy kind of packaging where maybe he puts a part code on it, I don't know. Or a confession that I was on my way to deliver these drugs. You have to prove it circumstantially. And that's exactly what the state was attempting to do in this situation. For all of those reasons, we ask that this court at least admit, find that the trial court's order buying all of the text messages was error. That it find that the text messages that were not remote, the ones to W and SP, April 1st afterwards saying, where's my stuff? I still need my 40. And the ones that he was setting up, those drug deals, be admissible. We also would ask that the court, if you wanted to remand the more remote ones for a finding on whether the substantial prejudice was outweighed by the relevance, you could remand for a decision as to those more remote ones. This case is nine years old. It is. Any idea? I know the other appeal about the jacket, we reversed the trial court there. What's the explanation for nine years and the delay by the state in not making this motion eliminate until last year? I can't explain that, Your Honor. I know that there was the prior motion to suppress and the appeal that took a substantial several years. Two years. 2018, I think, and then our decision was rendered in 2020. But the briefing took a while as well. So that was a pretty short turnaround. Right. And the motion eliminating was filed in, I believe, 2023. And the court didn't rule on it until 2024. And then this appeal has taken a substantial period of time. It's a year since the motion to eliminate was heard and to die. Even if the defendant got the maximum penalty, he'd be out now. Fair, wise, or true? I don't recall if he's been in custody this entire time, Your Honor. I can't answer that. He lives in Texas now. Yes. According to the notice in the file, and I don't know why he lives in Texas or how. And I don't recall that. It's in your commonwealth record. So that being said, I can't tell you whether even a maximum sentence he would be out because he's not in custody currently. So with that being said, if there are no other questions, I would just ask that this court admit the messages to S.P. and W. and send the other ones back for your opinion on substantial prejudice versus the relevance. Thank you, counsel. You will have time on rebuttal. Ms. Devin, you may proceed when you are ready. Thank you. First, I would like to address a few things mentioned by the State. The State seems to be changing its prayer for relief at oral argument to ask this court to somehow admit some of the text messages, but that was not argued to the trial court, and it was not argued in their briefs, so that issue is forfeited. Well, the trial court said all of the text messages are inadmissible as they go to propensity only. Yes, Your Honor. The trial court did say that, and that was because the State argued that it wanted to admit all the text messages, and the State was not making an argument to the trial court that it wanted to admit some of the text messages and not others. Well, the trial counsel for the State did argue that in answer to the court's question, are any of these text messages directly tied to, and the State pointed out those messages and said, yes, they are. Correct. Yes, the trial court did flesh out that information, and the trial court stated on its motion to reconsider ruling that the reason it was trying to figure that out was because if these messages were direct evidence of the offense, then the State wouldn't need to go down this road to admit the text messages as other crimes evidence. They would be direct evidence which wouldn't be subject to this motion. So that is why the trial court asked those questions and figured that out. Counsel, I don't know that maybe, clarify, will you please, it sounds like what you're saying is we either affirm or reverse, which means we either agree with the trial judge and we don't put anything into evidence or allow anything into evidence, or we reverse the judge and we put everything into evidence. So is that what you're telling this court, that because of the waiver or forfeiture, it's either like a computer, it's either an on or an off binary answer? Well, so this specific appeal is a binary answer because it's an interlocutory pretrial appeal based on this narrow ruling on a motion. And there hasn't been a trial. We don't even know if there are other pretrial motions that might come into play. So with the limited issue that we're dealing with, the question is only whether or not these messages, whether or not the trial court abuses discretion in denying the State's 404 motion. We would also first say that this court should dismiss the appeal for lack of jurisdiction, since the State has asserted three ways that it can use the text messages, even with the denial of this motion. The State has asserted that it can use the information as direct evidence and get the text messages admitted that way. The State has asserted that its expert can still rely on the messages without them being admissible under rule of evidence 703. And the State has argued there's a continuing narrative exception, which is not governed by 404. The continuing narrative exception the State is trying to use under Pike's is governed by the general rules of evidence. So it's as if the State is trying to relitigate the motion where they failed to explain this to the court, or perhaps they had different ways in mind they were trying to get this information admitted, but they didn't explain it to the trial court so the trial court couldn't have abused its discretion on something that wasn't before it. The trial court said the State must prove the drug seized and the charged offenses are connected. In other words, the drugs seized were drugs which the defendant was going to sell or give to someone. That's not a correct statement of the law, is it? What the trial court was saying was that the State actually needs to prove this offense and not have the propensity inference be the sole basis for a conviction for this offense. And that was the issue. The trial court addressed the three prongs under the SMART analysis that it was supposed to assess. First, it determined whether or not the State was offering evidence for a permissible purpose, potentially permissible purpose, intent and knowledge. So that was an agreement. That's what the State was offering that for. Then the second step of the SMART analysis is that the evidence has to be for a propensity-free purpose. And what the trial court was getting at with that citation that you mentioned... It doesn't have to be for propensity-free. It has to be for a purpose other than propensity. Well, actually, under SMART... SMART does not rule out evidence that might tend to suggest propensity. What SMART says is... And it really hasn't changed law, has it? It hasn't changed law, no. It's laid out at precept test. In 1963, the Illinois Supreme Court said, and I'm going to read this to you, thus we have allowed evidence of narcotics transactions by a defendant other than the one for which he is being tried, where such evidence is relevant to prove identity, his guilty knowledge, or to show his design or system. That law hasn't changed, so... That's the first step of the law. The law has actually developed since then. So the rule 404 specifically says those are possible permissible purposes. But all the precedent says, if the state only offers this is a permissible purpose, that's not all the steps that the trial court has to consider. And if the trial court... It still has to weigh it. Yeah, the trial court still has to weigh the factors, including whether or not it's highly prejudicial, which the trial court also determined this evidence would be highly prejudicial. Because, like Gomez, which the Smart Court relied on, the state here is arguing that once a drug dealer, always a drug dealer. And the state... We're in the record. Does the state say that once a drug dealer, always a drug dealer? I could look later for the exact citation of the record, but the trial court confirms that with the state. Well, the trial court was bantering with the state. I think Mr. Dixon's argument was about four lines. Well, there's actually... So in the supplemental part of the record, it got disconnected, so there's more argument in the supplemental part of the record. Yeah, it was short in the... The trial court's statement that the state must prove that the drugs seized and the charged offenses are connected, isn't that a misstatement of the law? No, it's not, because the trial court is saying that the state actually needs to prove this crime, not just that he is a drug dealer, so that means any drugs he has on him are intended to be sold. And in this case in particular, we have a defendant who was in a one-car accident where he crashed into parked cars when he was, as the state asserts, highly intoxicated and using cannabis and had drugs on him. So someone with a substance abuse issue, there's not automatically an assumption that any drugs they have on them are for distribution, particularly in this case. So the court was focusing on how the propensity inference is not allowed to be the sole basis for a conviction, which is really what the state is asking for. And those are... So the trial court here did explain its analysis based on those three SMART factors, and the state just kept saying this is for a permissible purpose, intent, and knowledge. But the precedent doesn't support that as the only factor, so since the trial court was considering whether or not it was highly prejudicial and whether or not there was a propensity-free inference under SMART and GOMEZ, the trial court was doing that properly. And when the trial court... Don't the messages in the hours preceding the crash and after the crash, don't those go directly, a direct inference to the drugs that were in his possession at the time? Well, that's what the state is arguing is that they're... I'm asking you. That inference is permissible just from those facts, is it not? Well, it's not a 404 inference. It's a completely separate type of evidence. So the state was arguing... It's direct evidence, and the state did argue in the record, on a motion to reconsider, that those text messages before and after directly relate to the drugs in his possession. That's at least an inference that can be drawn, which is the standard for a disability's relevance. Right. And so if the state is now changing their mind and saying they want to admit this as direct evidence, then it's not subject to a 404 ruling. And so what the state is asserting is they don't have jurisdiction because they have another manner in which they can admit the evidence. And the trial court made that clear when the trial court said the state wouldn't need to go down this road of attempting to get the evidence admitted under 404 if it's direct evidence. So the state made it clear if the state's arguing this is direct evidence, they can use it, meaning this 404 ruling was not subject to that, which means this court does not have jurisdiction and the state should not have filed this appeal. Are you saying that this appeal is moot? Because the state filed and claimed different grounds for admissibility and won't be foreclosed? Right. The state argued in its brief that the trial court barred this evidence, but there is no citation to the record for that statement because that does not exist in the record. The trial court only ruled on this very narrow issue, and the trial court made it clear this was a narrow issue when it said the state could bring this in as direct evidence if it was that. And for some reason, the state is now claiming that evidence is barred. But, again, that's not supported by the record, so the evidence was not barred. Well, the judge looked at the text messages. He had the text messages. He had them before him. They were attached to the state's motion, and he said all of the text messages were out. He said that this is all propensity evidence. Right. The trial court considered the state's motion because the state was only presenting it as a group of text messages. The state did not argue that it wanted to admit some text messages and not others. They did argue that those text messages, the hours before and the text message after were directly related to the drugs in his possession. They argued they were related, but they didn't. And the text messages are different than the transaction itself. They are steps taken in advance of, right? The text, I'm sorry, can you say again? The messaging, the communication. That's before the actual transaction. Some of the messages were. . . If the state is arguing there is direct evidence of the crime in those messages, they can use them regardless of a ruling on the floor for a motion potentially. What do you think we should do in the sense that do we admit it all, find no abuse of discretion and deny it all or affirm? Or do we pick and choose? Do we give an advisory opinion? Does this make any difference anyway because you just told the state how to get the text messages into evidence on alternative grounds, which seeing as how this is being recorded, it probably could be presented to the trial judge as an admission. We are arguing that the state is arguing these are the ways they can admit the messages. And since this is a state's appeal, it's the state's obligation to show that it has jurisdiction. So the state is arguing that it has these ways it can admit the text messages. So the state is arguing against itself in showing this court why this court does not have jurisdiction. It is not an admission to respond to the appellee's argument in this appellate case where there is no jurisdiction based on the state's argument. I'm sorry, did you say respond to the appellee's argument? Appellate's. Okay. To Justice McClaren's comment, the text messages are admissions, a statement or comment by a defendant from which an inference of guilt may be drawn. That's an admission. That's not necessarily other crimes. It's just his actions preceding the transaction. And that's something the state could argue. Right. But that doesn't, you know, SMART reinforces this idea, not idea, this principle that the state, not the trial court, should decide what evidence they're going to proffer to prove their case. Right? And when the trial court says all the text messages are out. Right, but the trial court did not, in fact, say that on the record. The trial court ruled on this 404 motion the state presented. There is nothing in the record where the trial court said the text messages were out for any purpose. The state brought this one motion in front of the trial court. The trial court said, this is page 22 of the supplemental record. All of those text messages are out as they go to propensity. Right, in ruling on this motion. It's not as if the trial court should or can be telling the state all the different theories the state could have for its legal strategy. In here, it's the state that decided to bring this appeal, and then the state decided to offer at least three ways the state is alleging it can bring in this evidence completely separate from the denial of the 404 motion. So we are asking that this court find there is no jurisdiction because of these three ways the state is alleging that it can bring in the evidence. So if only the manner in which the evidence can be brought in is affected, but it's not completely suppressed, then there is no jurisdiction. And that is highlighted in Baltimore, where there was a similar issue where it was only the manner in which the state could bring in the evidence and there was no jurisdiction there. Are you telling us that we don't have the ability to inform the trial court that based upon your argument that we should remand it back for further proceedings, wherein the state can make alternative arguments as to the admissibility, and that the trial court must rule on the alternative aspects of the motion relating to the admissibility, and then it will be appealed a second time either by you possibly or the state, depending on whether the trial court either abides by the suggestion that maybe there are alternative ways, manner, or means to interpret the admissibility depending on what the state proffers? No, we are not asking for this court to remand for all those considerations. Here, it's as if the state is attempting to relitigate a motion they never filed with different ways they could admit this evidence, but the appellate court is not the proper forum for that. So this court does not have jurisdiction because this is an interlocutory appeal where there has to be a limited basis where the evidence was suppressed for this court to have jurisdiction. So we would ask that this court dismiss the case for lack of jurisdiction under that theory, or alternatively, if this court reaches the merits of the case, we ask that this court find the trial court did not abuse its discretion because they considered the three factors under SMART, and importantly, this court should consider that propensity evidence is dangerous not because it has low probative value, but too much. So the issue here isn't whether or not the evidence could be relevant in some way. The issue, as the trial court elucidated, was that this evidence is highly prejudicial, and the court properly considered that. It's not the reviewing court's role to re-weigh and re-litigate this since the trial court properly applied the law. Did you file a cross-appeal? No, there would be no cross-appeal. Because normally when you are an appellee, the only thing you can pray for in your prayer for relief is either affirmance, vacation, reversal. It either is up or down as far as the Roman emperor is concerned in the Colosseum. You don't have the opportunity, unless you file a cross-appeal, to get different relief than other than affirmance or reversal or vacation. The court, in fact, always has to address jurisdiction first, and it's also our obligation to address jurisdiction when we are reviewing the case as well and inform the court of issues with jurisdiction. So, that argument was probably made in early 2000. I said, are you asking us to grant you relief despite the fact that you didn't file a cross-appeal? Seeking different relief? We're not seeking different relief. The court has to have jurisdiction to hear an appeal, and it is both the court and all of the parties' obligation to address jurisdiction, so we address that. I didn't understand it the first time you said it. Why don't we have jurisdiction? Because the only way the state has jurisdiction in this type of case is... No, the only way we have jurisdiction. Yes, the only way the court has jurisdiction for a state appeal on an interlocutory basis is if the evidence here was completely suppressed, and the state agreed with that in their reply brief. So, we're looking at whether or not these text messages were completely suppressed by the denial of the 404 motion. So, are you saying that because he only ruled on the aspect of propensity, this wasn't a complete, full adjudication on the merits, and therefore it's not right for appeal? This is not a full adjudication on all the different ways the state is offering that it could admit this evidence. It's not the appellate review court's role under Rule 604 to relitigate these issues for the state or the other party. If that were the law, we probably would never have a final judgment because there would be so many alternative forms of relief that were still outstanding in the trial court below. I like your Pollyannish attitude relative to the idea that things can be resolved in the trial court without having to resort to the appellate court and make our jobs easier, but it doesn't work that way. It does work that way according to the Illinois Supreme Court in the case in regarding KEF, where there was a similar issue where the state filed an interlocutory appeal, and the court found there wasn't jurisdiction for that appeal because there were multiple ways the state could bring in evidence, and so the evidence was not suppressed, where only one way the state could bring in the evidence was foreclosed. So you're saying that the trial court's declaratory judgment on one aspect of a rationale for admissibility or non-admissibility is something that we can on piecemeal appeals adjudicate on the merits, and then it can go back, and then they can argue cumulative, and then it comes back up here again, and then it goes back down, and then we can argue about whether or not there was a proper foundation laid. That's a time of trial. Am I understanding the gist of your argument correctly? The gist of the argument is the state has to follow the law, and they have limited rights to appeal under 604 for an interlocutory appeal, and the state has agreed and conceded that they have to prove that the evidence was completely suppressed. The state has not proven that, and the state has offered— Don't they also have to allege it before they have to prove it? Excuse me? This appeal has been brought up on various issues, and one of the issues seems to be that we don't have jurisdiction based upon the proposition that not all the issues have been adjudicated in the trial court below because there are alternative methods by which the state can have this admitted upon petition as opposed to the situation which I thought existed, which was normally when there is a motion in limity or a motion relating to admissibility or a motion in response to a motion to suppress would be deemed to be, if relief is granted, that it would cover all those things that not only were said, but weren't said, and you seem to be taking a position that, no, this isn't necessarily a final judgment because there are things that haven't been said, presented, or argued that may still affect the finality of the proceedings, and I don't necessarily disagree with you except for the proposition that normally, if it's not in the record, it's usually deemed way forfeited or procedurally defaulted. So that's where I'm coming from. I'm not sure where you're coming from. Yes, Your Honor, normally there would be an appeal on something like a motion to suppress where the evidence was very literally completely suppressed, like when a video is completely suppressed, for example, in Brindley, then that video can't come in. The whole video was suppressed. But when there are different ways the State can bring in the video, it's not completely suppressed, like in Baltimore, where the issue was the State didn't have an accurate recording of the video, so the trial court ruled that the State could either take the jury to view the video at a different location or subpoena someone to get the accurate video. So it wasn't that the whole video couldn't be presented. It was the State had to do it in a proper way. So here the trial court is doing the same thing. You're not conceding, are you, that the State can call an expert to talk about these text messages and then tell the jury what these text messages revealed? I'm not conceding that the different ways... Okay, then we do have jurisdiction because, you know, the State would be foreclosed from offering that testimony if an expert were to testify based upon those text messages that the court said are all suppressed. Well, it's the State's burden here on this interlocutory pretrial appeal to show that they have jurisdiction. So the State has shown they don't have jurisdiction, and they argue that here and in the brief, so we don't need to concede to the State's trial strategy. Thank you. In advance. Thank you. I have no further questions. Thank you, Counsel. Thank you. All right, Ms. Wells, you may offer your rebuttal. Counsel, would you like to elaborate or discuss what has just transpired in front of you? I would, Your Honor. On page 22 of the Report of Proceedings of the Supplemental Records, the trial court said that it was that the text messages were not admissible under the rules of evidence in the law of the State of Illinois. That doesn't offer the State any options to get it in. KEF is completely different. The State was required by the court's order in that case to question the child about the offense in order to get in the victim-sensitive interview. State chose not to do that. Court said no jurisdiction. In Baltimore, the State was given the opportunity to subpoena the equipment to show the video of the surveillance video or take the jury to the scene to use the equipment to show the video. What they were barred from doing was presenting some other evidence, not the same evidence, some other evidence of still photographs and an inaccurate recording. It's not the same thing. What we have here is the court unequivocally saying not admissible, inadmissible, sorry, inadmissible under the laws and the rules of evidence. Not just a ruling on the 404B motion, but a full, you can't use this evidence. Let me ask you this. The motion in Limine talked about other crimes. The motions in Limine are fluid. They can be changed. The child court can change its mind. The State can change its theory. And in the record, the State did say there are text messages that go directly to the bags that were in the defendant's possession at the time of the crash. So that's the State making an alternative basis for offering it, right? Exactly. They tried to tie those bags because of the time of the text messages and the content of the text messages, that they were directly related to that. And the packaging. And the packaging, yes. And I think it's ridiculous to say, oh, this was personal use when it's 14 grams, which according to the math I did in my reply brief, is 70 doses. Is this defendant going to Costco and getting a deal on his cocaine for personal use? Absolutely not. That's a ridiculous argument. So the text messages and the packaging and the amount, it all goes to the evidence of he was delivering the drugs that were in his possession on that date. And the court barring it, saying that it was inadmissible under the laws and the rules. Oh, if it was direct evidence, we wouldn't even be going down this path, he says. So he was already ruling on the direct evidence because the people made that argument. Well, it's circumstantial evidence, but it's tied directly to the drugs, the inferences that those were the drugs that were discussed in the text messages. It's circumstantial evidence, but it's of the crime. Right. Which is why it's continuing narrative, as I've argued in my... And that was counsel's, the state's attorney's argument in the trial court. And it seemed like counsel and the court were speaking past each other and the court was focused on this propensity, but couldn't see how it was tied directly to the drugs that were in defendant's possession. Therefore, because the court explicitly chose to not follow a case that it was required to follow, misstated the law saying that the drugs had to be tied to the text messages in some kind of direct method. It wasn't abuse of discretion. And therefore, we are asking this court to admit the text messages to SP and W if the court feels that it's necessary to remand for the court to consider the relevancy versus the serious prejudice. As to the more remote text messages, we understand that. We think they all should come in under this court's ability to find that the court's decision was against an abuse of discretion. Counsel, I have a question. I'm looking at the record at C270. There's an order dated February 7, 2025. It says, after hearing on state's motion to eliminate to admit 404B evidence, the court denies state's motion for reasons stated on the record. After hearing on defense motion to bar evidence after January 6, 2025 period, motion is granted for reasons stated on the record. Matter continued for jury trial status. Was there a defense motion at the same time where these argued together? All I've seen from the briefs is the motion to eliminate. The only defense motion would have been oral. I don't remember there being any written motion, Your Honor. I agree with you on that. If there was, does that change anything? If there was a defense motion, it doesn't change the court's oral proclamation that, because an oral finding is the one that has to be considered as final. With the court's supplemental report proceeding on page 22 saying that the text messages were inadmissible, it didn't leave any opportunity to admit them under any basis. So I don't think that it would change it. Any other questions? All right, thank you. I want to thank our counsel for the arguments presented. We will take the matter under consideration, issue a ruling in due course, and we will recess until a 1 o'clock case.